IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
* SEPTEMBER 13, 2024 *
BROOKLYN OFFICE

DGR:EJD/IC
F. #2024R00700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DARNELL JONES, also known as
    "EJ," "Euro Jones" and
    "ejeuro90,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**I N D I C T M E N T**

Cr. No. **24-CR-369**_____
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2),
924(d)(1), 981(a)(1)(C), 1028A(a)(1),
1349, 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**Judge Dora Lizette Irizarry**
**Magistrate Judge James R. Cho**

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

    1.    On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted.   In light of the ongoing health crisis related to the novel coronavirus, COVID-19, the CARES Act allocated additional unemployment benefits for eligible individuals.   Specifically, the CARES Act established additional unemployment insurance programs, including the Pandemic Unemployment Assistance program and the Federal Pandemic Unemployment Compensation program.   Both programs were federally funded and were administered by states, including New York State.

    2.    Beginning in approximately March 2020, the defendant DARNELL JONES, also known as "EJ," "Euro Jones" and "ejeuro90," together with others, obtained personally identifiable information ("PII"), including names, addresses, driver's license numbers, social security numbers and dates of birth, of New York residents.   JONES used the PII to submit fraudulent claims for unemployment insurance benefits to the New York State

Department of Labor, and transferred to others the PII with the understanding that the PII would be used to submit fraudulent claims for unemployment insurance benefits to the New York State Department of Labor.

3.      For example, on approximately November 18, 2020, the defendant DARNELL JONES sent a co-conspirator, an individual whose identity is known to the Grand Jury ("Co-Conspirator-1"), text messages containing the names of 10 New York residents, individuals whose identities are known to the Grand Jury, to obtain PII for the New York residents without the consent of those individuals, including dates of birth, social security numbers and driver's license numbers.   Co-Conspirator-1 sent JONES the requested dates of birth and social security numbers that same day and sent JONES the requested driver's license numbers the next day.   In exchange, JONES paid Co-Conspirator-1 with cryptocurrency. JONES subsequently submitted fraudulent claims for unemployment insurance benefits to the New York State Department of Labor using PII from two of the New York residents ("Victim-1" and "Victim-2").   The New York State Department of Labor mailed a debit card in Victim-1's name to an address in Brooklyn, New York and a debit card in Victim-2's name to another address in Brooklyn, New York.

<u>COUNT ONE</u>
(Wire Fraud Conspiracy)

4.      The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

5.      In or about and between March 2020 and August 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DARNELL JONES, also known as "EJ," "Euro Jones" and "ejeuro90," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the New York

State Department of Labor, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Aggravated Identity Theft)

6.     The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

7.     In or about and between March 2020 and August 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DARNELL JONES, also known as "EJ," "Euro Jones" and "ejeuro90," together with others, during and in relation to the crime charged in Count One, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more other persons, to wit: the name, date of birth, social security number and driver's license number of Victim-3, an individual whose identity is known to the Grand Jury, knowing that the means of identification belonged to said person.

(Title 18, United States Code, Sections 1028A(a)(1), 2 and 3551 et seq.)

## COUNT THREE
(Felon in Possession of Firearms and Ammunition)

8.     On or about August 9, 2021, within the District of New Jersey, the defendant DARNELL JONES, also known as "EJ," "Euro Jones" and "ejeuro90," knowing that he had previously been convicted in a court of one or more crimes punishable by a term of

4

imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce firearms, to wit: a Taurus G26 9 millimeter semi-automatic pistol bearing serial number TLT10051, and a Springfield Armory XDM Elite 9 millimeter semi-automatic pistol bearing serial number AT291069, and ammunition, to wit: thirty-four 9 millimeter cartridges.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

9.      The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

10.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

11.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, including but not limited to the following assets, all seized by law enforcement on or about August 9, 2021, in Bayonne, New Jersey:

(a)    one Taurus G26 9 millimeter semi-automatic pistol bearing serial number TLT10051;

(b)    one Springfield Armory XDM Elite 9 millimeter semi-automatic pistol, bearing serial number AT291069; and

(c)    thirty-four 9 millimeter cartridges.

12.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

6

(e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

s/
_____
FOREPERSON

By: _Whitman G.S. Knapp, Asst. U.S. Atty._
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK